**20-2119-MJ-OTAZO-REYES**

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Florida

*RECEIVED*
*U.S. MARSHAL*
*JAN 17 AM 10: 57*
*MIDDLE DIST. OF FLORIDA*
*TAMPA*

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| ALFREDO AGROMAYOR | ) | Case No. 8:2020 cr 18 T 35 cpT |
| | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

**SEALED**

## ARREST WARRANT

To:      Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   ALFREDO AGROMAYOR                                                                                    ,
who is accused of an offense or violation based on the following document filed with the court:

☒ Indictment          ☐ Superseding Indictment          ☐ Information          ☐ Superseding Information          ☐ Complaint
☐ Probation Violation Petition          ☐ Supervised Release Violation Petition          ☐ Violation Notice          ☐ Order of the Court

This offense is briefly described as follows:
Conspiracy to commit wire fraud and wire fraud.

In violation of 18 U.S.C. §§ 1349 & 1343.

**SEALED**

*For Investigative Purposes Only*
*COPY*
*U.S. MARSHAL MIDDLE DISTRICT OF FLORIDA HOLDS ORIGINAL WARRANT*

Date: January 16, 2020

_____
*Issuing officer's signature* (Lourdes Del Rio)

City and state:   Tampa, Florida

ELIZABETH M. WARREN, Clerk, United States District Court
*Printed name and title*

---

**Return**

This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____
at *(city and state)* _____.

Date: _____

_____
*Arresting officer's signature*

_____
*Printed name and title*

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>JULIO ROSA<br><br>*Defendant* | )<br>)<br>) Case No. 8:2020-cr-18T35-9PT<br>)<br>)<br>) |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)* JULIO ROSA ,
who is accused of an offense or violation based on the following document filed with the court:

☒ Indictment  ☐ Superseding Indictment  ☐ Information  ☐ Superseding Information  ☐ Complaint
☐ Probation Violation Petition  ☐ Supervised Release Violation Petition  ☐ Violation Notice  ☐ Order of the Court

This offense is briefly described as follows:
Conspiracy to commit wire fraud.

In violation of 18 U.S.C. § 1349.

Date: January 16, 2020

Issuing officer's signature: *Lourdes Del Rio*

City and state: Tampa, Florida     ELIZABETH M. WARREN, Clerk, United States District Court
*Printed name and title*

### Return

This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____
at *(city and state)* _____ .

Date: _____

Arresting officer's signature

Printed name and title

Case 1:20-mj-02119-AOR Document 1 Entered on FLSD Docket 01/24/2020 Page 3 of 14

20-2119-MJ-OTAZO-REYES

FILED BY YR D.C.
Jan 24, 2020
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 8:2020cr18 T35cpT
                                      18 U.S.C. § 1349
ALFREDO AGROMAYOR,                    18 U.S.C. § 1343
JULIO ROSA,
JOHN FIGUEROA,
EMMANUEL FULLER,
JOSHUA CORNMAN, and
CHRISTOPHER MOQUETTE



## INDICTMENT

The Grand Jury charges:

## COUNT ONE
### (Conspiracy to Commit Wire Fraud-18 U.S.C. § 1349)

A. **Introduction**

At times material to this Indictment:

1. American Telephone and Telegraph, Inc. ("AT&T") was a telecommunications company that provided, among other services, cellular telephone accounts to its customers. In addition, AT&T allowed customers to purchase iPhones at authorized retail stores using NEXT Installment plans. NEXT Installment plans permitted customers to purchase new iPhones with minimal upfront costs but required monthly installment payments afterwards.

When a customer failed to make payments under the NEXT Installment plan, AT&T suffered a financial loss for the cost of the iPhone.

2. S.W. was an authorized AT&T retail store located in Tampa, Florida in the Middle District of Florida. Some of S.W.'s employees had access to AT&T customers' accounts and the ability to change information associated with these accounts. When an employee at an authorized AT&T retail store, such as S.W., changed a customer's account by entering information into a desktop or tablet at the retail store, the change was transported via AT&T intranet to one of several servers located in states other than Florida.

### B. The Conspiracy

3. From as early as in or about January 2017, and continuing through at least in or about January 2018, in the Middle District of Florida and elsewhere, the defendants,

**ALFREDO AGROMAYOR,
JULIO ROSA,
JOHN FIGUEROA,
EMMANUEL FULLER,
JOSHUA CORNMAN, and
CHRISTOPHER MOQUETTE**

did knowingly and voluntarily combine, conspire, confederate, and agree with each other and others, both known and unknown to the United States, to commit wire fraud, in violation of 18 U.S.C. § 1343.

### B. Manner and Means of the Conspiracy

4. The manner and means by which the defendants sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

    a. It was part of the conspiracy that coconspirators would and did fraudulently access personally identifiable information (PII) of others to carry out the scheme.

    b. It was further a part of the conspiracy that coconspirators would and did call AT&T Telesales to create new AT&T cellular telephone accounts and add coconspirators to existing AT&T cellular telephone accounts.

    c. It was further a part of the conspiracy that a conspirator, while working at S.W. in Tampa, Florida, would and did alter existing AT&T cellular telephone accounts by changing customers' information, such as the names, addresses, or other information on the accounts, in order to falsely and fraudulently associate said accounts with coconspirators referred to as "runners."

    d. It was further a part of the conspiracy that when a conspirator changed customers' AT&T cellular telephone accounts at S.W. in

3

Tampa, Florida, the changes were transported via AT&T intranet to one of several servers located in states other than Florida.

  e. It was further a part of the conspiracy that a conspirator would and did allow a coconspirator to access a portable device, referred to as an OPUS tablet, that the conspirator possessed as part of his employment with S.W.

  f. It was further a part of the conspiracy that conspirators would and did use the OPUS tablet to remotely access and falsely and fraudulently change AT&T customers' cellular telephone account information.

  g. It was further a part of the conspiracy that after the AT&T customers' cellular telephone accounts were changed, conspirators, including, but not limited to runners, would and did travel to retail stores in various states to use falsely and fraudulently changed AT&T customers' account information to purchase iPhones.

  h. It was further a part of the conspiracy that conspirators, including, but not limited to runners, would and did purchase iPhones by paying only the sales tax or limited up front costs, rather than the full cost pursuant to the NEXT Installment plan.

i. It was further a part of the conspiracy that conspirators would and did mail the falsely and fraudulently obtained iPhones to a coconspirator located in the Southern District of Florida.

j. It was further a part of the conspiracy that a conspirator would and did sell the falsely and fraudulently obtained iPhones for a profit.

k. It was further a part of the conspiracy that conspirators would and did make payments to coconspirators, including the runners, for their roles in falsely and fraudulently obtaining the iPhones.

l. It was a further part of the conspiracy that conspirators would and did misrepresent, hide, and conceal, and cause to be misrepresented, hidden and concealed, the purpose of acts performed in furtherance of the conspiracy.

All in violation of 18 U.S.C. § 1349.

## COUNTS TWO THROUGH ELEVEN
(Wire Fraud-18 U.S.C. § 1343)

### A. Introduction

1. The Grand Jury hereby realleges and incorporates by reference Paragraphs 1 and 2 of Count One of this Indictment as if fully set forth herein.

### B. The Scheme and Artifice

2. From as early as in or about January 2017, and continuing through at least in or about January 2018, in the Middle District of Florida and elsewhere, the defendant,

**ALFREDO AGROMAYOR,**

knowingly devised and intended to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

### C. Manner and Means of the Scheme and Artifice

3. The Grand Jury hereby realleges and incorporates by reference Paragraphs 4a- 4l of Count One of this Indictment as if fully set forth herein.

### D. Execution of the Scheme and Artifice

4. On or about the dates set forth below in Counts Two through Eleven, in the Middle District of Florida and elsewhere, the defendant,

**ALFREDO AGROMAYOR,**

for the purpose of executing the aforementioned scheme and artifice, knowingly and intentionally transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce the writings, signs, signals, pictures, and sounds described below, each transmission constituting a separate count:

| COUNT | DATE OF WIRE | DESCRIPTION OF WIRE |
|---|---|---|
| TWO | July 1, 2016 | Wire transfer in the amount of $650 from the defendant's TD Bank Depository Account ending in 0455 to a coconspirator's Grow Financial Federal Credit Union account ending in 6732 |
| THREE | March 8, 2017 | Wire transfer in the amount of $500 from the defendant's TD Bank Depository Account ending in 0455 to a coconspirator's PNC Bank account ending in 9143 |
| FOUR | March 17, 2017 | Wire transfer in the amount of $2200 from the defendant's TD Bank Depository Account ending in 0455 to a coconspirator's PNC Bank account ending in 9143 |
| FIVE | March 27, 2017 | Wire transfer in the amount of $1800 from the defendant's TD Bank Depository Account ending in 0455 to a coconspirator's PNC Bank account ending in 9143 |
| SIX | April 3, 2017 | Wire transfer in the amount of $1600 from the defendant's TD Bank Depository Account ending in 0455 to a coconspirator's PNC Bank account ending in 9143 |
| SEVEN | April 11, 2017 | Wire transfer in the amount of $1800 from the defendant's TD Bank Depository Account ending in 0455 to a coconspirator's PNC Bank account ending in 9143 |
| EIGHT | April 19, 2017 | Wire transfer in the amount of $2200 from the defendant's TD Bank Depository Account ending in 0455 to a coconspirator's PNC Bank account ending in 9143 |
| NINE | April 24, 2017 | Wire transfer in the amount of $3880 from the defendant's TD Bank Depository |

| COUNT | DATE OF WIRE | DESCRIPTION OF WIRE |
|---|---|---|
|  |  | Account ending in 0455 to a coconspirator's PNC Bank account ending in 9143 |
| TEN | May 8, 2017 | Wire transfer in the amount of $3400 from the defendant's TD Bank Depository Account ending in 0455 to a coconspirator's PNC Bank account ending in 9143 |
| ELEVEN | May 15, 2017 | Wire transfer in the amount of $2800 from the defendant's TD Bank Depository Account ending in 0455 to a coconspirator's PNC Bank account ending in 9143 |

In violation of 18 U.S.C. § 1343.

## FORFEITURE

1. The allegations contained in Counts One through Eleven are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of a conspiracy of the violation of 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1349, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property constituting, or derived from, proceeds the person obtained directly or indirectly, as a result of such violation.

3. If any of the property described above, as a result of any act or omission of the defendant:

8

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the court;

  d. has been substantially diminished in value;

  e. has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Maria Guzman
Assistant United States Attorney

By: _____
Jay G. Trezevant
Assistant United States Attorney
Chief, Economic Crimes Section

FORM OBD-34
January 20

No.

# UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

ALFREDO AGROMAYOR,
JULIO ROSA,
JOHN FIGUEROA,
EMMANUEL FULLER,
JOSHUA CORNMAN, and
CHRISTOPHER MOQUETTE

## INDICTMENT

Violations:  18 U.S.C. § 1349
             18 U.S.C. § 1343

A true bill,

_____
Foreperson

Filed in open court this 15th day

of January, 2020.

_____
Clerk

Bail $ _____

GPO 863 525

FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2020 JAN 15  PM 4:44

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

UNITED STATES OF AMERICA

v.

CASE NO. 8:2020-cr-18-T-35-cpT

ALFREDO AGROMAYOR,
JULIO ROSA,
JOHN FIGUEROA,
EMMANUEL FULLER,
JOSHUA CORNMAN, and
CHRISTOPHER MOQUETTE



## ORDER

The Motion to Seal Indictment and Related Documents filed by the United States is hereby GRANTED, and the Clerk of Court is so directed.

The Clerk is further directed to seal the Indictment in this cause except when necessary to provide certified copies of the Indictment to the United States Attorney's Office;

It is further ordered that upon verbal request from the United States Attorney's Office that the United States Marshals Service is to release a certified copy of the arrest warrant to the case agent or other appropriate law enforcement and/or to the United States Attorney's Office without further order of the Court. It is further ordered that the United States Marshals Service or other appropriate law enforcement agency may enter the arrest warrants into the National Crime Information Center (NCIC) database or

other appropriate law enforcement database without further order of the Court.

It is further ordered that the United States may disclose the existence of the Indictment in any search and seizure warrants to be executed in conjunction with the arrest of the defendants.

The Clerk is further ordered to unseal all documents relating to the Indictment without any further Order of the Court when any named defendant is taken into custody.

DONE AND ORDERED at Tampa, Florida, this ___15___ day of January, 2020.

_____
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

2